IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 05-31094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. WATSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(3:04-CR-186-ALL)
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The guilty-plea conviction of Defendant-Appellant Michael A. Watson for

use of a firearm during and in relation to a drug trafficking crime, in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

of 18 U.S.C. § 924(c)(1)(A), was based on his trade of drugs to an undercover agent in exchange for a handgun. When he pleaded guilty, Watson reserved the right to challenge on appeal the sufficiency of the factual basis to support his conviction under the statute.

We followed our precedent in rejecting Watson's insistence that an act like his — obtaining a firearm in exchange for drugs — is distinguishable from our precedent sustaining convictions when the defendant receives drugs or other consideration in exchange for a firearm that he possessed and gives up in the exchange transaction.

The Supreme Court of the United States granted certiorari, and sub nom Watson v. United States, — U.S. — (2007), reversed our affirmance of Watson's conviction.[1] The court held that a person does not "use" a firearm within the intendment of the statute when he receives it in exchange for drugs and remanded Watson's case to us for additional consistent proceedings.

Accordingly, we withdraw our previous opinion affirming Watson's conviction, reverse his conviction for use of a firearm during and in relation to a drug trafficking crime, vacate the sentence imposed for that conviction, and remand this case to the district court for further disposition consistent with our

---

[1] Michael A. Watson v. United States, 06-571, Dec. 10, 2007.

2

ruling today, recognizing that a person does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives it in exchange for drugs.

PRIOR OPINION AND JUDGMENT WITHDRAWN; CONVICTION FOR VIOLATION OF 18 U.S.C. § 924(c)(1)(A) REVERSED; SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT FOR FURTHER DISPOSITION CONSISTENT HEREWITH.